IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ANNETTE M. HAYES,                    )
                                     )
                    Plaintiff,       )
                                     )
        v.                           )                1:13-CV-880
                                     )
SELF-HELP CREDIT UNION, et al.,      )
                                     )
                    Defendants.      )

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

Annette Hayes asserts nineteen statutory and common law causes of action against the credit union which holds a mortgage on her home and its alleged agents, arising out of what Ms. Hayes characterizes as unwarranted, illegal, and botched efforts to foreclose on her home and take possession of her real and personal property. While many of her tort claims fail to state a claim, she has alleged sufficient facts to support claims for breach of contract, trespass, defamation, negligent infliction of emotional distress, negligent supervision, and conspiracy. Her claims pursuant to several consumer protection statutes also survive to the extent they are not based on acts pre-dating her bankruptcy.

According to the complaint, Ms. Hayes obtained a mortgage on her home from the defendant Self-Help Credit Union. Defendant RoundPoint Mortgage Servicing Corp. serviced the mortgage, and defendant Five Brothers Mortgage Company Services and Securing was hired by SHCU and RoundPoint to evict Ms. Hayes after SHCU falsely

claimed that she defaulted on the mortgage. Five Brothers hired Douglas Stuart, the fourth defendant, who locked Ms. Hayes out of her house twice and caused her electricity to be cut off by pretending to be a prosecutor. SHCU, RoundPoint, and Five Brothers have filed motions to dismiss or, in the alternative, motions for judgment on the pleadings as to all nineteen causes of action.

## Procedural and Background Issues

RoundPoint and SHCU filed an answer to the complaint in October 2013. (Doc. 7.) Their pending motion, filed in April 2014, is captioned as a "Motion to Dismiss or for Judgment on the Pleadings." (Doc. 38.) Five Brothers filed an answer and an amended answer in November 2013, (Docs. 11, 13), and in June 2014 filed their pending motion, captioned as a "Motion to Dismiss or, in the Alternative, Motion for Judgment on the Pleadings." (Doc. 43.) While the answers contained defenses characterized as motions to dismiss for failure to state a claim, neither filed a separate motion or brief at that time.

Because the motions were filed after the defendants' answers, the Court will treat the motions as motions for judgment on the pleadings under Rule 12(c). *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999); Fed. R. Civ. P. 12(h)(2). The standard for motions under Rule 12(b)(6) and Rule 12(c) is the same when the question is whether a complaint states a claim; "the distinction is one without a difference, as . . . [courts apply] the same standard for Rule 12(c) motions as for motions made pursuant to

Rule 12(b)(6)."[1] *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002); *see also* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1368.

In a case with facts spanning 10 years, four defendants, nineteen causes of action, and separate moving parties, the task before the Court is complicated, to say the least. All counsel in their briefs have further muddied the waters by their use of colorful but unhelpful language, by excessive assertions of their own opinions, and by their tendencies to rely on adverbs rather than arguments.

The extravagant use of adverbs is distracting at best and constitutes little more than opinions of counsel. Indignation does not support a claim for relief or justify a motion to dismiss, and histrionics have no place in legal briefs. Words like "mischaracterize" and "misrepresent" do little more than insinuate wrongdoing by opposing counsel, and their casual overuse in briefs is unnecessary, irrelevant, and unacceptable.[2] The Court directs all counsel to limit any future briefs to statements of

---

[1] The Court retains discretion to dismiss claims under Rule 12(c) without prejudice and with leave to amend rather than to grant judgment. *See Carmen v. S.F. Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997), *aff'd*, 237 F.3d 1026 (9th Cir. 2001); *cf. United States ex rel. Goldstein v. Fabricare Draperies, Inc.*, 84 F. App'x 341, 343 (4th Cir. 2004) (noting without discussion that district court granted 12(c) motion with leave to amend); *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 644-45 (6th Cir. 2003) (holding that district court abused its discretion in ruling on 12(c) motion by dismissing complaint with prejudice and without leave to amend).

[2] The Court directs counsel to *McBrayer v. Living Ctrs.-Se., Inc.*, No. 4:98CV199, 1999 WL 33315673, at *2 (W.D.N.C. Apr. 30, 1999) (holding, among other things, that "use of the court's docket to launch personal attacks will not be tolerated").

fact supported by citations to the record and to discussions of relevant statutes and case law and their application to the dispute at hand.

In addition, the plaintiff has made numerous arguments as to which she has cited no legal authority of any kind. The defendants have followed the same path on occasion, though to a much lesser extent. It is not the role or the responsibility of the Court to undertake the legal research needed to support or rebut a perfunctory argument. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing in a pro se case that the district court is not expected to assume the role of advocate for a pro se plaintiff); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating district judges "cannot be expected to construct full blown claims from sentence fragments"); *see also Spath v. Hayes Wheels Int'l–Ind., Inc.*, 211 F.3d 392, 397 (7th Cir. 2000) ("[I]t is not this court's responsibility to research and construct the parties' arguments." (quotation marks omitted)). The Court deems these arguments to be waived.

As an initial matter, Ms. Hayes contends that the motions should be denied because they violate the Local Rules[3] and Federal Rule of Civil Procedure 81.[4] If Ms. Hayes's reading of these rules were correct, a party could not file a motion for failure to

---

[3] As best the Court understands this argument, Ms. Hayes contends that Local Rules 56.1(a) and (b), which appear under the heading "Summary Judgment Motions," prohibit filing a motion for judgment on the pleadings without first filing a notice of intent to file a dispositive motion.

[4] As best the Court understands this argument, Ms. Hayes contends that the standards set by the Supreme Court for pleadings do not apply to actions removed from state court because Federal Rule of Civil Procedure 81 provides that "[a]fter removal, repleading is unnecessary unless the court orders it."

state a claim or for judgment on the pleadings until after discovery was completed. Nor could a court ever dismiss a case filed in state court and then removed to federal court because of factual allegations inadequate to support a cause of action. The Court rejects these illogical interpretations and will reach the merits of the two motions.

Much of the argument made by the defendants is based on the contention that the complaint does not meet the pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). While *Twombly* and *Iqbal* do not allow a case to go forward with only conclusory allegations and require that a complaint "plausibly suggest an entitlement to relief," *Iqbal*, 556 U.S. at 681, those cases do not hold that a plaintiff must prove the elements of a cause of action in their pleading. *See FDIC v. Baldini*, 983 F. Supp. 2d 772, 785 (S.D.W. Va. 2013). Indeed, *Twombly* explicitly states that a complaint "does not need detailed factual allegations." 550 U.S. at 555. The defendants' contentions to the contrary are not persuasive. The Court will evaluate the complaint according to the standards set forth in those two cases and as explained in detail by the Fourth Circuit in *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009), and *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255-56 (4th Cir. 2009).

## Analysis

In her complaint, Ms. Hayes numbered her causes of action; the Court will use those same numbers for convenience and clarity. Paragraph numbers are all from the complaint, on file at CM/ECF Docket Number 4.

1. <u>Wrongful Foreclosure</u>:  ¶¶ 95-99 (against SHCU and RoundPoint)
2. <u>Attempted Wrongful Foreclosure</u>:  ¶¶ 100-04 (against SHCU and RoundPoint)

SHCU and RoundPoint contend that current North Carolina law does not recognize these causes of action on the facts alleged because Ms. Hayes was able to stop the foreclosures and retain her property.  *See, e.g.*, *Patterson v. DAC Corp. of N.C.*, 66 N.C. App. 110, 113, 310 S.E.2d 783, 785 (1984) (holding that the claim "accrues when the mortgagee conveys the property to a third party"); *accord Porterfield v. JP Morgan Chase Bank, N.A.*, No. 4:13-CV-00128-BO, 2013 WL 5755499, at *2 (E.D.N.C. Oct. 23, 2013).  Ms. Hayes acknowledges that this is so.[5]  (Doc. 42 at 9.)  The Court will dismiss Ms. Hayes's wrongful foreclosure and attempted wrongful foreclosure claims against SHCU and RoundPoint.

Five Brothers seeks dismissal of these claims because the complaint "describes no act or omission of the Five Brothers Defendant to impose liability for these claims." (Doc. 44 at 4-5.)  That is not surprising, as the plaintiff explicitly made those claims only against SHCU and RoundPoint.  As the claims are not stated against Five Brothers, its motion will be denied.

3. <u>Abuse of Process</u>:  ¶¶ 105-08 (against SHCU and RoundPoint)

Abuse of process has two elements: "[f]irst, the existence of an ulterior purpose and, second, an act in the use of the process not proper in the regular prosecution of the

---

[5] Ms. Hayes asks for severance and remand of these two claims so she can seek a change in the law in state court.  However, Ms. Hayes cites no authority for this perfunctory request, and the Court deems it waived.  *See* discussion *supra*.

proceeding." *Barnette v. Woody*, 242 N.C. 424, 431, 88 S.E.2d 223, 227-28 (1955);

*accord Turner v. Thomas*, No. COA13-1131, 2014 WL 3821014, at *8-9 (N.C. Ct. App.

Aug. 5, 2014). Ms. Hayes alleges that SHCU and RoundPoint had the ulterior purpose of

obtaining her house for less than market value, and that they scheduled, noticed, and

conducted a foreclosure sale based on a delinquency that did not exist. Such allegations

are insufficient, as they allege only that the defendants used the foreclosure process for its

intended purpose: foreclosing on real property. Abuse of process requires "the malicious

perversion of a regularly issued process whereby a result not lawfully or properly

attainable under it is secured." *Ellis v. Wellons*, 224 N.C. 269, 271, 29 S.E.2d 884, 885

(1944); *accord Franklin v. Yancey Cnty.*, Civil No. 1:09cv199, 2010 WL 317804, at *5

(W.D.N.C. Jan. 19, 2010) (holding that abuse of process entails more than "merely the

issuance of process with a malicious motive and without probable cause").

Because Ms. Hayes failed to allege facts to indicate that either SHCU or

RoundPoint misused the process issued in the foreclosure case, their motion will be

granted as to Cause of Action Three for abuse of process. Five Brothers also seeks

dismissal of this claim, but again the complaint does not state this claim against Five

Brothers. As there is no claim stated against Five Brothers, its motion will be denied.

4. <u>Breach of Contract and Implied Covenants</u>: ¶¶ 109-14 (against SHCU and
   RoundPoint)

Ms. Hayes alleges that she was party to a valid mortgage contract and, later, a

valid reinstatement contract with SHCU and RoundPoint and that SHCU and RoundPoint

breached those contracts and the implied covenants of good faith and fair dealing in the

7

contracts by improperly foreclosing upon her home and in other ways. SHCU and RoundPoint contend that this is simply another way of stating a wrongful foreclosure claim, which is precluded by North Carolina law. However, the cases cited by SHCU and RoundPoint do not specifically say that a mortgagee cannot sue her lender for breach of contract just because the breach leads to an improper foreclosure action. *Patterson* specifically noted that the plaintiff did <u>not</u> bring a claim for breach of contract and held that the wrongful foreclosure claim is "based on fraud." 66 N.C. App. at 113, 310 S.E.2d at 785. *Parker v. Sheldon* involved a claim for wrongful foreclosure, not for breach of contract, and while the basis for the court's decision is not completely clear, it appears based in substantial part on the plaintiff's failure to prove damages. 47 N.C. App. 493, 495, 267 S.E.2d 403, 404 (1980).

The plaintiff alleges that SHCU and RoundPoint took a number of actions which breached the contracts she had with those defendants. The defendants as moving parties bear the burden to show this cause of action should be dismissed. The Court is not satisfied that a party to a valid contract cannot sue for breach of that contract just because the breach leads to an attempted foreclosure.[6]

The Court will deny the motion to dismiss Ms. Hayes's breach of the implied covenant of good faith and fair dealing claim against SHCU and RoundPoint. Five

---

[6] In her brief, Ms. Hayes argues that she is an intended beneficiary of a contract between SHCU, RoundPoint, and the North Carolina Housing Finance Agency, which SHCU and RoundPoint breached. These are not the allegations in the complaint, and a plaintiff cannot amend a complaint with allegations in a brief. *See Bratcher v. Pharm. Prod. Dev., Inc.*, 545 F. Supp. 2d 533, 542-43 (E.D.N.C. 2008) (collecting cases).

Brothers seeks dismissal of this claim, but as the complaint does not purport to state this claim against Five Brothers, its motion will be denied.

    5. <u>Unjust Enrichment</u>: ¶¶ 115-19 (against SHCU and RoundPoint)

In the alternative to her breach of contract claims, Ms. Hayes alleges that SHCU and RoundPoint have been unjustly enriched. SHCU and RoundPoint contend that because there is a contract between the parties, the unjust enrichment claim cannot proceed. "If there is a contract between the parties, the contract governs the claim and the law will not imply a contract." *Se. Shelter Corp. v. BTU, Inc.*, 154 N.C. App. 321, 331, 572 S.E.2d 200, 206 (2002) (citing *Vetco Concrete Co. v. Troy Lumber Co.*, 256 N.C. 709, 713, 124 S.E.2d 905, 908 (1962)). While many of Ms. Hayes' allegations throughout the complaint are premised upon the existence of a mortgage contract with SHCU, (Doc. 4 at ¶¶ 22, 111-12), others post-date the contract and are premised upon more ambiguous circumstances. (*See e.g.*, *id.* at ¶¶ 45-60.) Nonetheless, these allegations are also premised upon the fact that Ms. Hayes owed money to SHCU pursuant to the mortgage and that she paid money to SHCU towards that mortgage. It is difficult to understand how her payment of money owed could constitute unjust enrichment, and she has offered no logical explanation in support of this claim. The Court will dismiss Ms. Hayes's unjust enrichment claim against SHCU and RoundPoint.

Five Brothers also seeks dismissal of this claim. As the complaint does not purport to state this claim against Five Brothers, its motion will be denied.

6. <u>Trespass on March 1, 2013</u>: ¶¶ 120-23 (against all defendants)
7. <u>Trespass on March 17, 2013</u>: ¶¶ 124-27 (against all defendants)

SHCU, RoundPoint, and Five Brothers assert that Ms. Hayes has inadequately alleged facts to support her claim that they are responsible for the alleged trespasses committed by Mr. Stuart. This argument is without merit. Ms. Hayes alleges Mr. Stuart, acting on behalf of his employer Five Brothers, illegally broke into her home on March 1 and padlocked the home so that she could not gain entry. (Doc. 4 at ¶ 61.) She alleges that her attorney contacted RoundPoint immediately after the March 1 trespass, whereupon RoundPoint made statements which, by inference at least, justified and ratified Mr. Stuart's conduct. (Doc. 4 at ¶ 65 ("RoundPoint claimed the lockout was conducted because Plaintiff's home was allegedly vacant.").) RoundPoint also took responsibility for providing Ms. Hayes with access to her home. (*Id.* at ¶ 66.) After RoundPoint allowed Ms. Hayes back into the home, Mr. Stuart broke in again and installed another padlock. (*Id.* at ¶ 67.)

Read in context, Ms. Hayes alleges that Mr. Stuart twice broke into her home and padlocked it because that is what the defendants SHCU and RoundPoint hired him to do, even though she was current on her mortgage. If that is the case, then Mr. Stuart was acting as agent for RoundPoint and SHCU when he committed the trespasses and the defendants who hired him for that purpose are responsible for his acts.

As to Five Brothers, Ms. Hayes explicitly alleges that Mr. Stuart was employed by Five Brothers and was acting as their agent. (*Id.* at ¶¶ 61, 137.) She also alleges that when Mr. Stuart broke in on March 1, he posted a flyer on the window which had Five

Brothers's name on it and provided a phone number to report problems or concerns. (*Id.* at ¶ 62.) Five Brothers contends that Mr. Stuart was an independent contractor, but based on Ms. Hayes's allegations, that is a factual question inappropriate for resolution at this stage. *Cf. Garrett v. Phillips Mills, Inc.*, 721 F.2d 979, 981-82 (4th Cir. 1983) (noting, in ADEA case, variety of factors relevant to whether an individual is an employee or an independent contractor). Ms. Hayes's allegations are sufficient to go forward on her claim that Mr. Stuart was acting as Five Brothers's agent.

The motion as to these causes of action will be denied.

8. Fraud: ¶¶ 128-34 (against all defendants)

The "essential elements of actual fraud are well established: '(1) False representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party.'" *Forbis v. Neal*, 361 N.C. 519, 526-27, 649 S.E.2d 382, 387 (2007) (quoting *Ragsdale v. Kennedy*, 286 N.C. 130, 138, 209 S.E.2d 494, 500 (1974)). Ms. Hayes alleges that the defendants made

> numerous false representations to multiple parties, including at least: (i) representing to the Court that the default originally giving rise to the 2010 foreclosure order still existed; (ii) representing to Plaintiff, her neighbors, and her attorneys that Plaintiff was delinquent on her mortgage; and (iii) representing to Wilson Energy that Defendant Stuart was an officer of the court.

(Doc. 4 at ¶ 129.) Relying on Rule 9 of the Federal Rules of Civil Procedure, SHCU, RoundPoint, and Five Brothers contend that Ms. Hayes's allegations of fraud are insufficiently specific and fail to plead reliance.

Ms. Hayes does not address this argument, and the Court finds she has abandoned this claim. *See Jones v. Family Health Ctrs., Inc.*, 323 F. Supp. 2d 681, 690 (D.S.C. 2003), *aff'd*, 98 F. App'x 959 (4th Cir. 2004) (holding that when a party opposing summary judgment fails to address a claim in its opposition briefing, the claim may be deemed abandoned).

In the alternative, she has not adequately alleged reliance or complied with Rule 9's specificity requirements. To the extent the specific representations alleged were made to someone other than Ms. Hayes or her attorneys, it is unclear how Ms. Hayes was deceived, nor is it anywhere alleged with specificity that she relied on these misrepresentations. To the extent she alleges misrepresentations were made to her or her attorneys about her loan delinquency, it is clear from her allegations that she did not believe these misrepresentations; thus there was no reliance. *See Cox v. Johnson*, 227 N.C. 69, 70, 40 S.E.2d 418, 419 (1946) (holding that there is no fraud claim where the plaintiff knew the representation to be false). To the extent Ms. Hayes seeks to state a claim based on other unspecified misrepresentations, the complaint violates Rule 9's specificity requirement. The motions will be granted as to this claim.

9. <u>Tortious Interference with Contract</u>:  ¶¶ 135-40 (against all defendants)

Ms. Hayes contends that Mr. Stuart interfered with her contract with Wilson Energy for utilities by pretending to be the District Attorney and tricking Wilson Energy into cutting off her electricity.  (Doc. 4 at ¶ 138.)  She alleges Mr. Stuart was acting within the scope of his employment with Five Brothers and on behalf of SHCU and

RoundPoint.  (*Id.* at ¶ 137.)  SHCU, RoundPoint, and Five Brothers seek dismissal on this claim for two reasons: 1) inadequate allegations of agency, and 2) no allegations of actual monetary damages as required by North Carolina law.  *See Burgess v. Busby*, 142 N.C. App. 393, 403-04, 544 S.E.2d 4, 9-10 (2001) (holding that allegations of actual pecuniary harm are required to state a claim for tortious interference with contract.)

As explained above, the complaint sufficiently alleges agency.  However, the complaint does not allege any monetary damages resulting from Mr. Stuart's actions.  The complaint specifically references paragraphs 93 and 94 of the complaint as to Ms. Hayes's damages related to the utility cut-off, and those paragraphs are silent as to any monetary loss she experienced as a result of the utility cut-off.  Ms. Hayes does not contend otherwise in her briefing.  This claim will be dismissed.

10. Defamation:  ¶¶ 141-47 (against all defendants)

Ms. Hayes's defamation claims rest on two allegedly defamatory statements: statements made by Mr. Stuart to her neighbors that she was behind in her mortgage and statements to the same effect made by SHCU and RoundPoint when RoundPoint posted an amended notice of foreclosure sale in the Wilson County Courthouse.  SHCU and RoundPoint contend that the agency allegations are insufficient as to Mr. Stuart's conduct and that they are entitled to absolute immunity for posting the foreclosure notice.

As noted elsewhere, Ms. Hayes's agency allegations are generally sufficient to assert a claim that Mr. Stuart was acting on behalf of SHCU, RoundPoint, and Five

13

Brothers, and as to any statements he allegedly made on behalf of SHCU, RoundPoint, and Five Brothers, the motions will be denied.

As to the foreclosure sale posting, the allegations concerning this aspect of the defamation claim are directed only against SHCU and RoundPoint and do not mention any role or involvement of Five Brothers. (Doc. 4 at ¶¶ 72, 142.) The Court will grant the motion as to Five Brothers, to the extent this claim arises out of the posting of the notice of sale.

SHCU and RoundPoint contend they are entitled to absolute immunity for statements made in the course of a judicial proceeding. Defamatory statements made in the course of a judicial proceeding are absolutely privileged and will not support a civil action for defamation, even if made with malice. *Scott v. Statesville Plywood & Veneer Co.*, 240 N.C. 73, 76, 81 S.E.2d 146, 148 (1954) (citing *Jarman v. Offutt*, 239 N.C. 468, 472, 80 S.E.2d 248, 251 (1954)). North Carolina "courts have defined the term 'judicial proceeding' liberally for purposes of this privilege, . . . encompassing much more than civil litigation or criminal trials." *McManaway v. LDS Family Servs., Inc.*, 208 N.C. App. 569 (table), 2010 WL 5420148, at *11 (Dec. 21, 2010) (quotation omitted); *see also Angel v. Ward*, 43 N.C. App. 288, 293, 258 S.E.2d 788, 792 (1979) (noting that this privilege has been extended to administrative proceedings in which the agency or officer is exercising a judicial or quasi-judicial function); *cf. Carswell v. JPMorgan Chase Bank N.A.*, 500 F. App'x 580, 583 (9th Cir. 2012) ("Statements made by Defendants in connection with the statutory nonjudicial foreclosure proceedings were privileged and cannot support a claim for slander of title."); *Nance v. Citimortgage, Inc.*, No.

1:13CV1062, 2014 WL 3882081, at *7 (M.D.N.C. Aug. 7, 2014). The posting of a notice of sale is a statutorily required step in the foreclosure process under North Carolina law. *See* N.C. Gen. Stat. § 45-21.17(1). Ms. Hayes has not identified any cases to the contrary, explained why these principles should not apply to statutorily required notices, or indeed responded at all to this immunity argument. *See* discussion *supra*.

The Court concludes that SHCU and RoundPoint are immune to a defamation claim based on statements in statutorily-required notice of sale because such statements are protected by the judicial privilege. Their motion will be granted as to this aspect of the defamation claim.

11. Intentional Infliction of Emotional Distress: ¶¶ 148-52 (against all defendants)

SHCU, RoundPoint, and Five Brothers contend that the allegations are insufficient to establish that the conduct at issue is extreme and outrageous. *See Holloway v. Wachovia Bank & Trust Co.*, 339 N.C. 338, 351, 452 S.E.2d 233, 240 (1994) (setting forth the elements of intentional infliction of emotional distress). Ms. Hayes has not addressed this argument, and the Court deems this claim abandoned. *See* discussion *supra*. The motions will be granted as to this claim.

12. Negligent Infliction of Emotional Distress: ¶¶ 153-56 (against all defendants)

SHCU, RoundPoint, and Five Brothers contend that Ms. Hayes's allegations are insufficient to establish that they are responsible for Mr. Stuart's conduct in padlocking Ms. Hayes's home and otherwise engaging in two "self-help evictions." As noted elsewhere, the allegations give rise to the inference that Mr. Stuart was acting at the

request of and on behalf of SHCU and RoundPoint and as an employee and agent of Five Brothers. Five Brothers further asserts that Ms. Hayes had not adequately pled damages, but that assertion is belied by the complaint. (Doc. 4 at ¶¶ 94, 155-56.) The motions will be denied as to this claim.

13. Negligent Hiring and Supervision: ¶¶ 157-60 (against SHCU, RoundPoint, and Five Brothers)

SHCU contends that Ms. Hayes fails to adequately allege that SHCU had reason to know of any employee's incompetence. Similarly, Five Brothers contends that the complaint does not adequately allege that it had knowledge of Mr. Stuart's incompetence. *See Medlin v. Bass*, 327 N.C. 587, 590-91, 398 S.E.2d 460, 462 (1990) (stating the elements of negligent hiring or retention).

Ms. Hayes alleges that after Mr. Stuart broke into her home on March 1 and padlocked it in an unlawful effort to evict her and take over the property on behalf of SHCU and RoundPoint, Ms. Hayes's attorney called RoundPoint to report this fact, thus putting SHCU, RoundPoint, and, by inference, Five Brothers, on notice of Mr. Stuart's unfitness. The allegations also give rise to the inference that no defendant took any action to prevent Mr. Stuart from continuing to act in ways which deprived Ms. Hayes of her property rights, and that thereafter Mr. Stuart unlawfully broke into her house again. While these allegations are insufficient to establish negligent hiring, they are sufficient to establish negligent supervision. The motions will be granted as to the negligent hiring aspect of this claim and denied as to the negligent supervision aspect of this claim.

14. Unfair and Deceptive Trade Practices Act:  ¶¶ 161-64 (against all defendants)
15. North Carolina Collection Agency Act:  ¶¶ 165-73 (against all defendants)
16. North Carolina Debt Collection Act:  ¶¶ 174-81 (against all defendants) (in the alternative to NCCAA claim)
17. Fair Debt Collection Practices Act:  ¶¶ 182-89 (against RoundPoint, Five Brothers, and Mr. Stuart)

Ms. Hayes alleges that the following acts constitute unfair and deceptive trade practices in violation of Chapter 75 of the North Carolina General Statutes:

(i) Refusing to abide by the 2010 loan modification;

(ii) Falsely claiming the 2010 foreclosure action was abated when it was not;

(iii) Conducting two foreclosure sales on a property that was not in default;

(iv) Conducting a foreclosure sale after accepting money from a state agency to prevent such a sale;

(v) Defaming Ms. Hayes to her neighbors and the public;

(vi) Trespassing, breaking in, and locking Ms. Hayes out of her home twice;

(vii) Ignoring Ms. Hayes's attempts to contact the appropriate party to regain access to her home and belongings; and

(viii) Falsely claiming to be an officer of the court so as to have Ms. Hayes's utilities cut off.

(Doc. 4 ¶ 162.)  She further alleges that the latter six acts[7] support claims that the defendants violated the North Carolina Collection Agency Act, the North Carolina Debt Collection Act, and the federal Fair Debt Collection Practices Act.

---

[7] Because Ms. Hayes does not reallege acts one and two in connection with these claims, the numerals corresponding with each alleged action change in the complaint from acts three through eight to acts one through six.  In an attempt at clarity, the Court will refer to the actions as enumerated in the UDTPA claim and set forth above while discussing all of these statutory causes of action.  (Doc. 4 at ¶¶ 162, 171, 179, 188.)

The first two acts occurred before Ms. Hayes filed bankruptcy on January 18, 2011, and to the extent such pre-bankruptcy conduct gives rise to a cause of action, it is a cause of action that belongs to the trustee, not Ms. Hayes.[8]  The defendants are entitled to dismissal of these claims to the extent they are based on the first two acts.

SHCU and RoundPoint assert that the third and fourth acts are simply alternate ways to assert a wrongful foreclosure claim and are insufficient by themselves to establish a claim for the statutory causes of action at issue.  However, they cite no authority for this proposition, (Doc. 39 at 24), and there is no reason these two actions should be examined in a vacuum rather than together with other alleged wrongful conduct.  *See Nance*, 2014 WL 3882081, at *3-4; *Redmond v. Green Tree Servicing, LLC*, 941 F. Supp. 2d 694, 698-99 (E.D.N.C. 2013).  Their other arguments rely on questions of fact inappropriate for resolution at the motion to dismiss stage.  SHCU and RoundPoint are not entitled to dismissal of the statutory claims based on acts three and four.

Five Brothers accurately points out that acts three and four are directed towards SHCU and RoundPoint, not towards Five Brothers.  Five Brothers is entitled to dismissal of the UDTPA, NCCAA, NCDCA, and FDCPA claims as to acts three and four.

As to acts five through eight, the only argument SHCU and RoundPoint make is that the allegations do not tie them to the conduct of Mr. Stuart and Five Brothers.  The

---

[8] Ms. Hayes concedes this point in her briefing.  (Doc. 42 at 15.)

Court has previously rejected this argument. Therefore, the motion by SHCU and RoundPoint will be denied to the extent these claims are based on acts five through eight.

Five Brothers makes a number of additional arguments in connection with remaining aspects of these statutory causes of action. Five Brothers first contends that the allegations are insufficient to hold it responsible for the conduct of Mr. Stuart. As has been noted in connection with other issues, this is not the case.

Five Brothers next contends that Ms. Hayes fails to properly allege that it is a collection agency under the NCCAA and a debt collector under the NCDCA and FDCPA. Ms. Hayes alleges that RoundPoint hired Five Brothers to "secure the collateral" for Ms. Hayes's mortgage—her home—before the defendants attempted to institute another foreclosure sale. (Doc. 4 at ¶¶ 60, 72.) She further alleges that Five Brothers's agent broke into her home for the purpose of securing her home so it could be sold to pay her debt to SHCU and posted a notice on her window calling itself a "property preservation company." (*Id*. at ¶¶ 60-62.) Five Brothers cites no cases supporting its contention that repossession does not qualify as engaging in debt collection.[9] These factual allegations would appear to sufficiently support Ms. Hayes's more general allegation that Five Brothers is a collection agency within the meaning of the NCCAA, (*id.* at ¶ 10), and a debt collector under the NCDCA and FDCPA.[10]

---

[9] As noted above, it is not the Court's role to conduct research for the parties.

[10] Ms. Hayes alleges her NCCAA and NCDCA claims in the alternative, as she must, given that the definition of debt collector appears to exclude collections agencies. *See*

In its reply brief, Five Brothers contends it is not a collection agency under the NCCAA because it expressly excludes "[a]ny person, firm, corporation or association handling claims, accounts or collections under an order or orders of any court," N.C. Gen. Stat. § 58-70-15(c)(9), and it was acting pursuant to a valid foreclosure order from the Wilson County Superior Court. Five Brothers did not raise this argument in its initial brief, and its effort to raise this argument by reply brief is beyond the scope allowed by the Local Rules. *See* L.R. 7.2(a) (limiting reply briefs to "responding to factual matters newly raised in the response."). In any event, it is not at all clear that Five Brothers would be entitled to the benefit of this provision under these circumstances. *See* Manuel H. Newburger & Barbara M. Barron, *Fair Debt Collection Practices: Federal & State Law & Regulation* ¶ 34.03[8] (2013) (noting that this provision is directed to immunizing "court-ordered receivers and bankruptcy trustees . . . from North Carolina's licensing requirement.") Even if it is, such a defense raises factual questions inappropriate for resolution at this stage.

Five Brothers further contends that Ms. Hayes fails to allege that it did any of the acts prohibited by the NCCAA as enumerated in N.C. Gen. Stat. § 58-70-100. Those acts, however, are demonstrative, not exhaustive, and the section's prohibition is much broader. *See id.* ("No collection agency shall use any conduct, the natural consequence of which is to oppress, harass, or abuse any person in connection with the attempt to collect any debt."). It is difficult to see how two illegal lock-outs of collateral would not

N.C. Gen. Stat. § 75-50(3); *Nance*, 2014 WL 3882081, at *3 n.1. While both claims may proceed for now, ultimately she will at most obtain relief on one of the claims.

constitute harassment, at a minimum. Five Brothers's motion on this basis will be denied.

Finally, Five Brothers contends that Ms. Hayes's UDTPA, NCCAA, NCDCA, and FDCPA claims should be dismissed because she fails to allege that it collected a debt using unfair or deceptive means. Among other things, Ms. Hayes alleges that Mr. Stuart, Five Brothers's alleged agent, falsely claimed to be an officer of the court to have Ms. Hayes's utilities shut off as part of the efforts to collect on her debt, that Mr. Stuart had no legal basis to lock her out of her home, and that he defamed her to her neighbors. These are adequate, taken together, to state claims under these statutes and the Court will deny the defendants' motions as to these claims. *Cf. Russell v. Absolute Collection Servs.*, No. 12-2357, 2014 WL 3973792, at *1-2 (4th Cir. Aug 15, 2014) (outlining the FDCPA's statutory scheme).

18. § 1983 claim:  ¶¶ 190-93 (against RoundPoint, Five Brothers, and Mr. Stuart)

Ms. Hayes alleges that RoundPoint, Five Brothers, and Mr. Stuart acted under color of state law by using North Carolina's foreclosure processes and by accepting a reinstatement payment from the state. RoundPoint and Five Brothers contend these allegations are insufficient to establish that they are state actors.

To implicate 42 U.S.C. § 1983, conduct must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). "The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a

court would conclude that the non-state actor is engaged in the state's actions."
*DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999).

Ms. Hayes relies on *Lugar*, in which the Supreme Court allowed a debtor to bring a § 1983 claim against private actors who used state replevin statutes to repossess the debtor's property. That case, and the cases on which it relies, are distinguishable, because the plaintiffs in those cases were challenging the state's statutory scheme itself as unconstitutional. *See* 457 U.S. at 925 & n.4, 941. That is not the case here. Ms. Hayes makes no claim that North Carolina's statutory foreclosure scheme is unconstitutional or that it authorizes and allows the disputed conduct at issue in this matter.

Ms. Hayes cites other cases which are similarly of no help to her: *Wyatt v. Cole*, 504 U.S. 158, 160 (1992), also involves an unconstitutional state statute used by a private actor, and *Gregg v. Ham*, 678 F.3d 333, 339 (4th Cir. 2012), merely restates the rule that a private party may be liable under § 1983 if he acts under color of state law. None of these cases stands for the proposition that a person who misuses a constitutionally valid statutory foreclosure scheme may be sued under § 1983. The defendants' motions will be granted as to this claim.

19. Civil Conspiracy:  ¶¶ 194-97 (against all defendants)

SHCU, RoundPoint, and Five Brothers contend that Ms. Hayes fails to adequately allege that they agreed with any of the defendants to commit unlawful acts. Viewing the complaint as a whole, Ms. Hayes alleges that SHCU and RoundPoint hired Five Brothers to commit various illegal acts and that Five Brothers hired Mr. Stuart to execute these

actions. Thus, Ms. Hayes adequately alleges that the defendants agreed to commit unlawful acts.

SHCU, RoundPoint, and Five Brothers also assert that there is no independent cause of action for civil conspiracy. While Ms. Hayes agrees, (Doc. 42 at 18), she contends that to the extent she has asserted other causes of action which survive, she can recover against any defendants who conspired and agreed with each other to violate her rights. This appears to be the case as to the intentional torts. *See Toomer v. Garrett*, 155 N.C. App. 462, 483, 574 S.E.2d 76, 92 (2002). The defendants have not made any more specific arguments or cited any cases on the viability of a conspiracy claim to commit the various statutory violations, so the conspiracy claim will proceed as to those for the time being. Therefore, this claim will survive to the extent it is an effort to impose co-conspirator liability on the defendants for Ms. Hayes's trespass, defamation, UDTPA, NCCAA, NCDCA, and FDCPA claims.

## Conclusion

Ms. Hayes's claims for wrongful foreclosure, attempted wrongful foreclosure, abuse of process, unjust enrichment, fraud, tortious interference with contract, intentional infliction of emotional distress, and § 1983 will be dismissed. Her claims against SHCU and RoundPoint for breach of contract and implied covenants survive. Her claims against SHCU and RoundPoint, under UDTPA, NCCAA, and NCDCA survive to the extent they are not based on acts pre-dating her bankruptcy, and her claim against RoundPoint under FDCPA survives to the same extent. Her UDTPA, NCCAA, NCDCA, and FDCPA claims against Five Brothers based on acts pre-dating her bankruptcy or based on the

attempted foreclosures will be dismissed, but otherwise survive. Ms. Hayes's claims against SHCU, RoundPoint, and Five Brothers for trespass, negligent infliction of emotional distress, and civil conspiracy to commit the intentional torts and statutory violations also survive. Ms. Hayes's negligent hiring and supervision claim survives as to the negligent supervision aspect, but is dismissed as to the negligent hiring aspect. Her defamation claim against SHCU, RoundPoint, and Five Brothers survives to the extent it is based on statements made by Mr. Stuart to neighbors, and is otherwise dismissed.

It is **ORDERED** that:

1. The motion for judgment on the pleadings filed by SHCU and RoundPoint, (Doc. 38), is **GRANTED** as to the First, Second, Third, and Fifth causes of action and those claims are **DISMISSED** with prejudice as to the First and Second causes of action and otherwise without prejudice.

2. The motion for judgment on the pleadings filed by SHCU and RoundPoint, (Doc. 38), is **DENIED** as to the Fourth cause of action.

3. The motion for judgment on the pleadings filed by Five Brothers, (Doc. 43), is **DENIED** as to the First, Second, Third, Fourth, and Fifth causes of action.

4. The motion for judgment on the pleadings filed by SHCU and RoundPoint, (Doc. 38), and the motion for judgment on the pleadings filed by Five Brothers, (Doc. 43), are **DENIED** as to the Sixth, Seventh, Twelfth, and Nineteenth causes of action and those claims may proceed.

5. The motion for judgment on the pleadings filed by SHCU and RoundPoint, (Doc. 38), and the motion for judgment on the pleadings filed by Five

Brothers, (Doc. 43), are **GRANTED** as to the Eighth, Ninth, Eleventh, and Eighteenth causes of action, and those claims are **DISMISSED** without prejudice.

6. The motion for judgment on the pleadings filed by SHCU and RoundPoint, (Doc. 38), and the motion for judgment on the pleadings filed by Five Brothers, (Doc. 43), as to the Tenth cause of action are **GRANTED** with prejudice to the extent the claim is based on publication of a foreclosure notice and **DENIED** to the extent the claim is based on statements by defendant Mr. Stuart to Ms. Hayes's neighbors.

7. The motion for judgment on the pleadings filed by SHCU and RoundPoint, (Doc. 38), and the motion for judgment on the pleadings filed by Five Brothers, (Doc. 43), as to the Thirteenth cause of action are **GRANTED** without prejudice as to the negligent hiring aspect of the claim and **DENIED** as to the negligent supervision aspect of the claim.

8. The motion for judgment on the pleadings filed by SHCU and RoundPoint, (Doc. 38), and the motion for judgment on the pleadings filed by Five Brothers, (Doc. 43), as to the Fourteenth, Fifteenth, Sixteenth, and Seventeenth causes of action are:

    a. **GRANTED** with prejudice to the extent the claims are based on acts occurring before January 18, 2011;

b. **GRANTED** with prejudice as to Five Brothers but **DENIED** as to

SHCU and RoundPoint to the extent the claims are based on acts

constituting wrongful foreclosure; and

c. **DENIED** otherwise.

This the 22nd day of August, 2014.


_____
UNITED STATES DISTRICT JUDGE